Filed 5/19/22  P. v. Davis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077300 |
| v. | (Super.Ct.No. SCR42887) |
| CYDRICK DAVIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Colin J. Bilash, Judge. Reversed and remanded.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1985, a jury convicted Cydrick Davis of first degree murder and robbery. In 2019, he filed a petition for resentencing under Penal Code section 1170.95, which the trial judge denied.

On appeal, Davis argues the judge erred by conducting inappropriate factfinding, failing to give proper deference to the factual allegations in his petition, and finally denying the petition for failing to show a prima facie case. The People correctly concede this was error. We therefore reverse and remand for the trial judge to hold an evidentiary hearing on his petition.

## I.

## FACTS

At about 1 a.m. in April 1985, Davis and another man robbed and shot to death an off-duty San Bernardino County sheriff's deputy. The San Bernardino County District Attorney charged Davis with first degree murder (Pen. Code, § 187, unlabeled statutory references refer to this code) and robbery (§ 211.) They also alleged Davis participated in both crimes as a principal knowing another principal was armed with a firearm (§ 12022, subd. (a)).

Davis and his codefendant were tried separately. Davis's jury found him guilty on both counts and found the firearm allegations true. "The codefendant was tried separately and convicted of personally shooting the deputy."

In January 2019, Davis, without the assistance of counsel, filed a petition for resentencing under newly enacted section 1170.95. The prosecution filed an informal

response to the petition, then a formal, supplemental opposition. San Bernardino County Superior Court Judge Colin J. Bilash appointed Davis counsel, and Davis's counsel then filed a formal supplemental petition.

At the hearing on the petition, Judge Bilash found Davis "was a major participant in this murder." The judge expressed disbelief at the idea the bare claim that Davis fell within section 1170.95 entitled him to an evidentiary hearing, saying the petition "could be summarily rejected because there's nothing in [it] to support a resentencing. . . . [H]e just says, 'I'm not the shooter and I didn't aid and abet.' . . . [T]hose two claims do not entitle a defendant to an evidentiary hearing." The judge said it was his duty to determine whether Davis made "a prima facie showing that he could not be convicted of first or second degree murder under the current state of the law," and that "the defendant could be convicted of first or second degree murder based on the record before the Court today." Therefore, the judge concluded an evidentiary hearing was unnecessary, and denied the petition for failing to state a prima facie case for relief.

II.

ANALYSIS

Davis argues he demonstrated a prima facie case for relief, and therefore the trial judge erred by not issuing an order to show cause and holding an evidentiary hearing on his petition. The People agree, and so do we.

Under section 1170.95, subdivision (b), a petitioner initiates the process of seeking resentencing by filing a facially sufficient petition. "[T]he trial court must (1) appoint

3

counsel for the petitioner if requested, (2) allow the People to file a response to the petition and allow the petitioner to file a reply, and (3) determine whether the petitioner has made a prima facie case for eligibility or entitlement to relief." (*People v. Eynon* (2021) 68 Cal.App.5th 967, 974.) When conducting a prima facie review, " ' " '[T]he court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.' " ' " (*Id.* at p. 975.) During this review "the court must not engage in factfinding, weigh the evidence, or reject the petition's allegations on the basis of adverse credibility determinations." (*Id.* at p. 975.) "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder that remains valid, denying relief at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.) Put differently, "the trial court's authority to make factual determinations at the prima facie stage 'is limited to *readily ascertainable facts* from the record (such as the crime of conviction), rather than *factfinding* involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).' " (*People v. Duchine* (2021) 60 Cal.App.5th 798, 812, italics added.)

Thus, contrary to the judge's assertions otherwise, a petitioner's claims they are eligible for relief under section 1170.95 are sufficient to make a prima facie showing

4

*unless* the record of conviction demonstrates that, as a matter of law, they are not eligible. A petition only fails to state a prima facie case where the record of conviction reveals the petitioner was definitely, incontrovertibly convicted under a still valid theory—as where the petitioner was the actual killer. In all other circumstances the judge should issue an order to show cause and determine whether the petitioner is entitled to relief only after an evidentiary hearing on the issue.

In other words, just because a petitioner *could* be convicted under a still valid theory doesn't mean their petition fails—indeed, the whole point of an evidentiary hearing is to answer that question. The petitioner is only required to show they *might* have been convicted under a now defunct theory of guilt, not that they *couldn't* have been convicted under *any* still valid theory.

We review a decision denying the petition for failure to state a prima facie case de novo. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481.)

Performing the analysis de novo, we agree with both Davis and the People that Davis's petition stated a prima facie case. He was charged with and convicted of first degree murder. However, Davis was not the actual killer—his codefendant was convicted of personally shooting the victim, while the jury found Davis only participated knowing the codefendant was armed. Therefore, Davis must have been convicted under some theory of vicarious liability—and in fact the prosecution admits he was convicted under the former felony-murder rule. These facts meet the three criteria necessary to establish a prima facie case for eligibility under section 1170.95—that Davis was charged with a

homicide under a vicarious liability theory other than as a direct aider and abettor, was convicted, and that it is not a settled matter of law under uncontested facts he would or could still be convicted under the law as it exists now.

Because the judge erred both in acting as a factfinder and in concluding Davis failed to make a prima facie showing, we reverse and remand for an evidentiary hearing on the petition.

### III.

### DISPOSITION

We reverse the order summarily denying the petition and remand to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing under section 1170.95, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____

J.

We concur:

CODRINGTON _____

Acting P. J.

FIELDS _____

J.

6